IRVING, J.,
Dissenting:
¶ 32. The majority reverses and renders the $1,500,000 judgment Marshall obtained against Medicomp, Inc. because, in the view of the majority, the statute of limitation had run prior to Marshall’s filing an amended complaint to add Medicomp as a defendant. I respectfully dissent for two reasons.
¶ 33. First, I believe that the amended complaint related back to the filing of the original complaint, and was therefore timely filed. Second, the critical issue is not whether the cause of action against Medi-comp was fraudulently concealed, thereby concealing Medicomp’s identity, as the majority suggests, but whether there was a fraudulent concealment of Medieomp’s *202 identity as a player in the transaction or occurrence giving rise to Marshall’s claim. This distinction is important. As to the issues as I have framed them, there was a plethora of evidence to support both the decision of the trial judge to allow the amended complaint to relate back, and the finding of the jury of concealment of Medi-comp’s role which in essence was a concealment of Medicomp’s identity. However, as will be discussed in the succeeding paragraphs, I do not believe the survival of Marshall’s judgment depends solely on whether there was concealment of any nature because there is sufficient evidence to find that the trial court did not err in ordering the amended complaint to relate back to the date of the filing of the original complaint.
¶ 34. On January 30, 1997, Marshall filed his original complaint against Hardy Wilson Memorial Hospital and Dr. Dale Williams. The gravamen of the complaint was medical negligence occurring on January 31, 1995. The medical negligence was centered around the alleged failure of the defendants to diagnose, properly treat, and stabilize Marshall for burns to his hands and leg.
¶ 35. On February 8, 1999, counsel for Dr. Williams wrote Marshall’s counsel a letter containing the following pertinent information:
As we discussed, enclosed is a copy of the physical therapy contract between Hardy Wilson Memorial Hospital and Medieomp, Inc. which was in effect at the time of Mr. Marshall’s treatment. / was not aware of this agreement until recently. Under the terms of this contract and consistent with the hospital’s policy and procedure for physical therapy, Medieomp was to provide a physical therapist, on a regular basis, to the hospital. The hospital policy also stated that “in event of illness or at vacation period of a registered physical therapist, Medieomp will supply the department with a substitute registered physical therapist.” Our understanding is that on February 2 and 3, 1995, Medicomp’s registered physical therapist was sick and that no substitute was provided. A licensed physical therapist assistant was on duty at the hospital when Mr. Marshall returned but he, by law, was not licensed to do an initial evaluation which must be performed before therapy is instituted. At the time Dr. Williams ordered the physical therapy and discharged Mr. Marshall, he had no reason to believe that Medieomp would not provide a therapist as scheduled.
(emphasis added).
¶ 36. On June 9, 1999, Marshall filed a motion to amend his complaint. The motion alleged that Marshall had “recently discovered from defendant, Hardy Wilson Memorial Hospital, that Hardy Wilson Memorial Hospital had a contract with Medi-comp, Inc. to provide services which form the basis of this lawsuit, and plaintiff desires to make Medieomp, Inc. a party to this action.” The motion alleged that “[t]he amendment should relate back to the original pleading since it arose out of conduct set forth in the original pleading.” On June 14, 1999, the trial court granted Marshall’s motion to amend his complaint to add Medieomp as a defendant. The order specifically provided that the amended complaint “shall relate back to the date of original filing.”
¶ 37. Marshall filed his amended complaint on the date of the order permitting its filing. In the amended complaint, Marshall alleged, inter alia, that:
On November 18, 1994, Hardy Wilson and Medieomp, Inc. entered into a written contract whereby defendant, Medieomp, Inc. agreed to provide staff, personnel, and competent and licensed *203 professionals to staff and operate the Copiah Wellness and Rehabilitation Center and provide licensed physical therapists to administer whirlpool baths for Hardy Wilson for a period of two years. Plaintiff, Paul Marshall, was a beneficiary under this contract.
On February 1, 2, and 3, 1995, defendant, Medicomp, Inc., failed and refused to give plaintiff, Paul Marshall, a whirlpool bath when he returned those mornings.
Defendant, Medicomp, Inc., and Hardy Wilson, fraudulently concealed the cause of action plaintiff, Paul Marshall, had against them for their failure and refusal to give him a whirlpool bath on February 1, 2, and 3,1995.
Defendant, Medicomp, Inc. and Hardy Wilson, fraudulently concealed the cause of action plaintiff, Paul Marshall, had against them for their failure and refusal to give him a whirlpool bath on February 1, 2, and 3,1995.
Plaintiff, Paul Marshall, could not have discovered defendant’s Medicomp, Inc.’s and Hardy Wilson, [sic] fraudulent concealment, with reasonable diligence before February 8, 1999, when the attorney for these defendants wrote plaintiffs counsel a letter advising of the contract between these defendants to provide a licensed physical therapist to administer whirlpool baths for Hardy Wilson.
¶ 38. The majority fails to discuss the application of Rule 15(c) and devotes its entire discussion to whether the evidence supports a theory of fraudulent concealment so as to toll the statute of limitations. In my judgment, the majority misses the point for two reasons. First, while Marshall did allege fraudulent concealment, Rule 15(c) does not require proof that the identity of the party sought to be added by amendment must have been concealed. Second, although Marshall alleged fraudulent concealment of the claim against Med-icomp, what he was actually alleging is not that the claim against Medicomp was concealed but that the identity of Medicomp, as the perpetrator of the injury, was concealed. All parties understood that that was what was being alleged. I will return to this point later in the opinion after addressing the conditions or requirements that must be met before an amendment may relate back to the date of the filing of the initial pleading.
¶ 39. Rule 15(c) of the Mississippi Rules of Civil Procedure provides in part as follows:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
¶ 40. I first note that, if the amendment relates back to the date of the filing of the initial pleading and the initial pleading was timely filed and served, there is no need or requirement that the statute of limitation be tolled because the amendment relates back to a time prior to the running of the statute of limitation. In order for the amended complaint in this case to relate *204 back to the date of the filing of the initial complaint, Marshall had to show: (1) that the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint, (2) that within 120 days after the filing of the original complaint, Medicomp had received such notice of the institution of Marshall’s lawsuit that it would not be prejudiced in maintaining its defense on the merits, and (3) Medicomp knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. M.R.C.P. 15(c).

1. Same Transaction or Occurrence

¶ 41. It is not open to legitimate debate that the claim asserted against Medicomp in the amended complaint arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original complaint. The original complaint alleged negligence in the diagnosis and treatment of Marshall’s injury. The provision of whirlpool baths was a part of the treatment prescribed.

2. Notice of Marshall’s Lawsuit by Medicomp Prior to May SO, 1997

¶ 42. I first note that Medicomp did not allege or contend in any of the pleadings filed in the trial court that it had no notice of Marshall’s lawsuit prior to May 30,1997. Medicomp’s position then was that the statute of limitation had run before Marshall brought it into the lawsuit. It was not contended in the trial court that the amended complaint should not relate back, pursuant to the provisions of Rule 15(c), because Medicomp did not receive notice of the lawsuit against Hardy Wilson by May 30, 1997, which was the 120th day following the filing of Marshall’s original complaint. In its answer to the amended complaint, as well as in its motions for summary judgment and motion for judgment notwithstanding the verdict, Medi-comp’s temporal arguments were based not on the temporal requirement of Rule 15(c) but the temporal pronouncement of the statute of limitation. I discuss those next.
¶ 43. In its answer to the amended lawsuit, filed on February 1, 2000, Medi-comp alleged as its second defense that “Plaintiffs claims are barred by the applicable statute of limitations.” The “relation back” provision of Rule 15(c) is not a statute of limitations.
¶ 44. In its motion for summary judgment, filed on May 2, 2000, Medicomp alleged:
7. Each cause of action alleged against Medicomp accrued for statute of limitations purposes on February 3, 1995, at the latest.
8. The EMTALA [Emergency Medical Treatment and Labor Act] contains a two-year limitations period. See 42 U.S.C.A. § 1395dd(d)(2)(C). The limitations period expired February 3, 1997. Plaintiffs EMTALA claim against Medi-comp is time-barred.
9. Plaintiffs negligence claims are governed by Miss.Code Ann. § 15-1-36 which sets out a two-year limitations period. That period expired February 3, 1997. Thus, Plaintiffs negligence per se and negligence claims are time-barred.
10. Plaintiffs breach of contract claim is governed by Miss.Code Ann. § 15-1-49. That statute sets out the catch-all limitations period of three years. Plaintiffs breach of contract claim expired February 3, 1998 and is time-barred.
¶ 45. In the renewal of its motion for summary judgment, filed on February 4, 2002, Medicomp alleged the following:
*205 12. Each cause of action alleged against Medicomp accrued for statute of limitations purposes on February 3, 1995, at the latest.
13. Plaintiffs negligence claims are governed by Miss.Code Ann. § 15-1-36 which sets out a two-year limitations period. That period expired February 3, 1997. Thus, Plaintiffs negligence per se and negligence claims are time-barred.
¶ 46. In its motion for judgment notwithstanding the verdict, Medicomp did not address the application, or lack thereof, of Rule 15(c) to the facts of this case. It limited its discussion to an attempt to show that any evidence of fraudulent concealment of Marshall’s cause of action was woefully lacking.
¶ 47. I should note that, although Medi-comp in its answer to the amended complaint did not question the propriety of the amended complaint relating back to the original complaint, it did, in its motion for summary judgment, allege that the amended complaint did not relate back to the original complaint. This was the first time that Medicomp had raised a Rule 15(c) objection, but even then, the specific objection was not temporally based. This is what Medicomp alleged:
11. The amended complaint does not correct a mistake concerning the identity of the proper party. Instead, it adds factual allegations and seeks to add another party outside the limitations period. Plaintiffs amended complaint thus does not relate back to the filing of his original complaint and it should be dismissed as against Medicomp.
It is clear from the language quoted above that Medicomp’s contention was that the amended complaint did not relate back because it added another party, not that it did not relate back because Medicomp did not receive notice of the original lawsuit within 120 days of the filing of the original complaint. Therefore, since Medicomp did not place the specific issue of lack of notice before the trial court, it cannot now assert that issue on appeal for the first time, for it is well settled in the jurisprudence of this state that a trial court cannot be put in error on a matter not presented to it for decision. Marcum v. Hancock County Sch. Dist., 741 So.2d 234, 238(¶ 20) (Miss. 1999).

3. Mistake as to Identity of the Party

¶ 48. In his original complaint, Marshall alleged that he received improper treatment. The whirlpool baths were part of the treatment ordered. These baths were not performed as ordered because of negligence on the part of Medicomp. Of course, Marshall thought that the physical therapy department of Hardy Wilson was run by employees of Hardy Wilson. No posted signs explained otherwise. Therefore, Marshall was justified in initially believing that it was Hardy Wilson which was negligent in not providing the whirlpool baths. It seems reasonable to me that Medicomp knew or should have known that, but for Marshall’s mistaken belief concerning the identity of the entity responsible for operating the physical therapy department of Hardy Wilson, he would have named Medicomp as a defendant.
¶ 49. Medicomp argues that Marshall’s lawsuit against it is a different cause of action naming an additional party rather than the same cause of action substituting a party. Medicomp relies heavily on the fact that whirlpool baths and the treatment period of February 1 through 3, 1995, are not mentioned in the original lawsuit. I see at least two problems with this argument. First, the original cause of action was a medical negligence cause of action alleging, inter alia, negligence in the *206 treatment of Marshall’s injury. The amended complaint alleges a medical negligence cause of action arising out of the medical treatment Marshall received for his injuries. As I have already observed, the whirlpool baths were a part of Marshall’s medical treatment. It was not necessary that all treatment be spelled out in the original complaint. Apparently, Medi-comp has forgotten that Mississippi is a notice pleading jurisdiction. Second, Med-icomp did not raise a Rule 15(c) defense in its answer to the amended complaint, nor did it raise it by a separate motion to dismiss at the time it filed its answer. Medicomp was required to raise that defense at that time. Otherwise, it was waived. M.R.C.P. 12.
¶ 50. Finally, I briefly address the concealment issue. As I noted in the first portion of this dissent, I do not think the real issue was one of concealment of the cause of action but concealment of Medi-comp’s identity as a player or responsible party in the administration of Hardy Wilson’s physical therapy department. The parties talked about concealment of the cause of action when in fact they were talking about concealment of Medicomp’s identity. I agree with the majority that there was no concealment of Marshall’s cause of action, but there was plenty of evidence of concealment of Medicomp’s identity vis-a-vis the administration of Hardy Wilson’s physical therapy department. In my opinion, whether Marshall was mistaken as to the identity of the entity operating Hardy Wilson’s physical therapy was a question of fact to be resolved by the jury. This issue was presented to the jury pursuant to a special interrogatory, and it resolved the issue against Medicomp. I would not disturb the jury’s determination.
¶ 51. In summary, I dissent, because I do not believe that the trial judge abused his discretion in allowing the amended complaint to be filed with the proviso that it related back to the original complaint. I think Medicomp waived any objection to the relating back provision when it made no objection in its answer to the amended complaint. I also believe Marshall met the criteria of the relation-back provision of Rule 15(c).
¶ 52. The majority attempts to sidestep the arguments made here by suggesting that this writer has misconstrued its holding. In suggesting that the dissent has misconstrued its holding, the majority explains that it found fault with the trial court’s granting the motion to amend, thereby making the “relation back” provision of Rule 15(c) a moot issue. The majority also asserts that Marshall’s motion to amend “did not argue Mississippi Rule of Civil Procedure 15(c).” Majority opinion at 199 (¶21). With gracious respect for the majority, I beg to differ on both points.- Quite the contrary, it is the majority which has misread Marshall’s motion to amend and misunderstood the criteria set forth in Rule 15 for allowing amendments. The motion to amend plainly alleged in paragraph 3 that “[t]he amendment should relate back to the original pleading since it arose out of conduct set forth in the original pleading.” Also, in paragraph 1 of the motion to amend, Marshall alleged:
The plaintiff, Paul Marshall, recently discovered from defendant, Hard Wilson Memorial Hospital, that Hardy Wilson Memorial Hospital had a contract with Medicomp, Inc. to provide services which form the basis of this lawsuit, and plaintiff desires to make Medicomp, Inc. a party to this action.
¶ 53. Section (a) of Rule 15 provides, inter alia, that “leave [to amend] shall be freely given when justice requires.” M.R.C.P. 15(a). While it is true that Marshall’s motion also alleged that certain *207 facts had been fraudulently concealed from him, that allegation must be considered in the overall context. Regarding the matter of fraudulent concealment, the motion alleged in paragraph 2 that “[s]ince pertinent facts concerning liability were recently discovered by plaintiff, and those facts were fraudulently concealed from him for several years, he should be permitted to pursue those facts.”
¶ 54. When all the allegations of the motion for leave to amend are considered in context, the obvious conclusion is that Marshall was alleging (1) that he did not know of the contractual role between Med-icomp and Hardy Wilson regarding Medi-comp’s contractual responsibility for provision of Whirlpool baths to Hardy Wilson’s patients, and (2) that since Medicomp was directly responsible for provision of Whirlpool baths to Hardy Wilson’s patients, it bore some liability for its failure and refusal to give him a whirlpool bath on February 1, 2, and 3, 1995.
¶ 55. In light of these facts, it escapes logic for the majority to accuse the dissent of “advancing an argument on behalf of a party that never advanced the argument itself, and which, by implication, the opposing party never had an opportunity to address.” Majority opinion at 199 (¶ 23). Medicomp had all the opportunity in the world to raise whatever defenses it wanted to raise in its answer to the amended complaint. It chose to make a straight limitation of action argument, arguing that the statute of limitation had run on Marshall’s claim because of the period of time which had elapsed since it refused and or failed to give Marshall a Whirlpool bath as ordered by the doctor for Hardy Wilson. It should be very obvious to even a first year law student that an amendment to a lawsuit which relates back to the original lawsuit obviates any statute of limitations defenses, provided the original lawsuit was filed timely. Yet, when Medicomp filed its answer to the amended complaint, it did not attack the “relation back” provision of the order allowing the amendment. Indeed, it was required to do so. Since it did not, it should not now be tossed the lifeline which the majority so generously gives to it by suggesting that the trial court erred in allowing the amendment.
¶ 56. For the reasons discussed above, I respectfully dissent. I would affirm the judgment of the trial court.
THOMAS, J., JOINS THIS SEPARATE WRITTEN OPINION.